JULIE A. GOLDBERG, ESQ., SBN 235565
Goldberg & Associates
5586 Broadway, Third Floor
Bronx, NY 10463
Tel: (718) 432-1022
Email: ecf@goldbergimmigration.com
*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Pascal Charpentier; Eduoard Joseph Charpentier; Marlene Deetjen Smith, )<br> *Plaintiffs*, )<br> v. )<br> )<br>Department of Homeland Security; Department of State; Immigration And Customs Enforcement; United States Citizenship And Immigration Services; United States Department of State; National Archives And Records Administration; National Personnel Records Center, )<br> *Defendants*. ) | Case No: 1:20-cv-7510 <br><br>**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF** |

## PRELIMINARY STATEMENT

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 et seq. seeking injunctive, declaratory and other appropriate relief, as well as seeking the release of agency records requested possessed by each of the Defendant agencies.

2. Plaintiffs are two United States Citizen parents -- Eduardo Joseph Charpentier ("Sgt. Charpentier") and Marlene Deetjen Smith ("Ms. Deetjen Smith") and their Legal

Permanent Resident (LPR) son, Pascal Charpentier ("Mr. Charpentier") who have filed FOIA requests for documents possessed by Defendants which are necessary to prove Plaintiff Mr. Charpentier claim for derivative citizenship.

3. Plaintiffs each filed FOIA requests with the Defendant agencies more than thirty days ago and have not received a substantive response from any of the Defendants in violation of the FOIA statute. (See, Exhibits A-K).

4. Time is of the essence in this matter as Mr. Charpentier is currently in removal proceedings before the Varick Street Immigration Court and requires full access to all the requested documents contained in order to prove his derivative citizenship claim.

5. Defendants failure to timely comply with the FOIA statute has prevented Mr. Charpentier from being able to present evidence necessary for his defense. Further, as an aggravating factor, Defendants Department of Homeland Security ("DHS") and its subagency Immigration and Customs Enforcement ("ICE") are simultaneously relying portions of of the requested records to support their prosecution of Mr. Charpentier while tactically denying Mr. Charpentier access to these records. Records which Defendants possess and acknowledge must be made available to Plaintiffs under the FOIA statute. However, the purposeful  administrative delay continues to provide ICE with a tactical advantage as Defendants maintain the documents can only be made available pursuant to the FOIA statutes' procedures.

6. In fact this precise position has been litigated and rejected, see e.g., *Dent v. Holder*, 627 F.3d 365, 374 (9th Cir. 2010) (Holding that where  a Respondent "was not provided with

2

the documents in his A-file, he was denied an opportunity to fully and fairly litigate his removal and his defensive citizenship claim").

7. The Third Circuit has noted that a similar situation as presented was "strange" that DHS counsel "did not provide [A-file] information to [the respondent] or the IJ … and instead forced him to seek out the documents through a FOIA request." *Totimeh v. A.G.*, 666 F.3d 109, 112 n. 3(3d Cir. 2012). The Third Circuit further noted that  the Court "expect[s] that the Government will respond (and quickly) in the future with such information in similar circumstances." *Id.*

8. Plaintiffs nonetheless have filed FOIA requests, with which Defendants have not timely complied or complied with to this date.

9. Under the FOIA statute, Defendant Department of Homeland Security ("DHS") and its subagencies - Immigration and Customs Enforcement ("ICE"), United States Citizenship and Immigration Services (USCIS); Customs and Border Patrol ("CBP") - all possess a duty under the FOIA to provide the requested records and have failed to perform that statutorily required duty.

10. Defendants Department of State ("DOS") and National Archives and Records Administration's ("NARA") and its component subagency the National Personnel Records Center ("NPRC"), while not party to DHS's litigation posturing nonetheless possess the same duty under the FOIA statute and similarly have failed to perform that duty.

11. Plaintiffs now seek relief before this honorable court in order to compel Defendants to faithfully and legally execute their duties under federal law.

## JURISDICTION AND VENUE

12. This Court has jurisdiction under 5 U.S.C. § 552, et seq. (FOIA statute) and 28 U.S.C. §
    1331 (federal question).

13. Venue lies in this district pursuant to 5 USC. § 552(a)(4)(B) and 28 U.S.C. §§ 1391(e)
    because this is a civil action in which Defendants are federal agencies and the records
    sought under FOIA are located within this judicial district and a substantial part of the
    events or omissions giving rise to the claim occurred as the Office of Chief Counsel is
    located at 201 Varick Street New York, NY where Mr. Pascal's A-file and other
    requested documents are currently located.

14. Defendants' failure to make determinations concerning Plaintiff's request for A-Files
    within the statutory time period constitutes a constructive denial of Plaintiffs' requests.
    Thus, Plaintiffs are deemed to have exhausted their administrative remedies. 5 U.S.C. §
    552(a)(6)(C)(i).

## PARTIES

### Plaintiffs

15. Plaintiff Pascal Charpentier is a Legal Permanent Resident who resides in Queens, New
    York. Mr. Charpentier was born on a military base in 1972 to an United States Citizen
    father and thus derived citizenship and is himself a United States Citizen. Mr.
    Charpentier has filed a FOIA request which has been pending for over 30 business days.
    Plaintiff Pascal Charpentier is a Legal Permanent Resident who resides in Queens, New
    York. Mr. Charpentier was born on a United States Airforce military base in Germany,

while his United States Citizen father was stationed on active duty during the Vietnam War. Mr. Charpentier has filed FOIA requests with the Defendants which have been pending for over 30 business days.

16. Plaintiff Edouard Joseph Charpentier is a United States Citizen and retired Airforce Sergeant who resides in Queens, New York and is the biological father of Plaintiff Pascal Charpentier. Sgt. Charpentier has filed FOIA requests with Defendants which have been pending for over 30 business days.

17. Plaintiff Marlene Deetjen Smith is a United States Citizen and the mother of Plaintiff Pascal Charpentier. Ms. Deetjen Smith has filed FOIA requests with Defendants which have been pending for over 30 business days. Ms. Deetjen Smith as next of kin is also requesting any all records possessed by Defendants as it relates to her biological father Jacques Deetjen to extent those documents relate to Ms. Deetjen Smith's derivative citizenship claim. The records of his estate possessed by Defendants have not been produced for over 30 business days.

**<u>Defendants</u>**

18. Defendant Department of Homeland Security ("DHS"). DHS is the federal agency responsible for implementing the Immigration and Nationality Act ("INA"). DHS has ultimate responsibility for ensuring that its components -- including USCIS, ICE and CBP -- comply with the law, including the FOIA. DHS is an agency within the meaning of 5 U.S.C. § 552(f), and is in possession of, and exerts control over, records responsive to Plaintiffs' FOIA request to it.

19. Defendant United States Citizenship and Immigration Services is an agency within DHS, which oversees lawful immigration to the United States with the stated mission of securing America's promise as a nation of immigrants. This includes the processing of visa petitions and applications for various immigration benefits. USCIS is an agency within the meaning of 5 U.S.C. § 552(f), and is in possession of, and exerts control over, records responsive to Plaintiffs' FOIA request to it.

20. Defendant Immigration and Customs Enforcement is an agency within DHS, which oversees lawful immigration to the United States. ICE is an agency within the meaning of 5 U.S.C. § 552(f), and is in possession of, and exerts control over, records responsive to Plaintiffs' FOIA request to it.

21. Defendant National Archives And Records Administration maintains and controls all military personnel records relevant to this matter through its component subagency National Personnel Records Center. NARA is an agency within the meaning of 5 U.S.C. § 552(f), and is in possession of, and exerts control over, records responsive to Plaintiffs' FOIA request to it.

22.  National Personnel Records Center maintains and controls military personnel files which in part are the subject of Plaintiffs FOIA requests. NPRC is an agency within the meaning of 5 U.S.C. § 552(f), and is in possession of, and exerts control over, records responsive to Plaintiffs' FOIA request to it.

23. Defendant Department of State is a cabinet department of the United States federal government with the mission of shaping and sustaining a peaceful, prosperous, just, and democratic world and fostering conditions for stability and progress. DOS conducts

consular interviews of visa applicants and decides whether to approve or deny visa applications allowing an individual to travel to a port of entry of the United States. Further, DOS is an agency within the meaning of 5 U.S.C. § 552(f), and is in possession of, and exerts control over, records responsive to Plaintiffs' FOIA request to it.

## STATEMENT OF FACTS

24. On July 24, 2020 Plaintiffs submitted FOIA requests to each of the Defendants requesting specific documents necessary to provide Mr. Charpentier's derivative citizenship claim. (Exhibits A-K).

25. To this date, Defendants have not provided the documents requested by Plaintiffs in violation of the FOIA statute.

26. Defendants failure to comply with the FOIA statute has harmed Plaintiffs as Mr. Charpentier is being deprived of the documents and information necessary to prove his derivative citizenship claim and as a result remains in immigration detention and in imminent danger of being removed from the United States, the only country in which he has resided.

## FOIA STATUTE'S LEGAL FRAMEWORK

27. FOIA requires, inter alia, that all federal agencies must promptly provide copies of all non-exempt agency records to those persons who make a request for records that reasonably describes the nature of the records sought, and which conform with agency regulations and procedures in requesting such records. 5 U.S.C. §552(a)(3)(A).

28. FOIA requires federal agencies to make a final determination on all FOIA requests that it receives within twenty days after the receipt of such requests, unless the agency expressly

provides notice to the requester of "unusual circumstances" meriting additional ten days for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(I).

29. 5 USC 552(b)(3)(3)specifically exempted from disclosure by statute (other than section 552b of this title), if that statute—

> (i)requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue; or

> (ii)establishes particular criteria for withholding or refers to particular types of matters to be withheld;

30. FOIA provides that any person who has not been provided the records Requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from the Federal District Court to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

31. Under FOIA, the federal agency has the burden to sustain and substantiate its actions. 5 U.S.C. § 552(a)(4)(B).

32. Pursuant to FOIA, this Court may assess attorney fees and litigation costs against the United States if the Plaintiff prevails in this action. 5 U.S.C. §552(a)(4)(E).

## CAUSES OF ACTION

### COUNT ONE
**Violation of the FOIA: Defendants Failure to Release Records Responsive to Request
(5 U.S.C. § 552 et seq.)**

33. Plaintiffs restate and incorporate by reference the allegations contained in the foregoing paragraphs, as if set forth fully herein.

34. Defendants are agencies subject to FOIA, 5 U.S.C. § 552(f). In response to a FOIA request, they must release any disclosable records in their possession at the time of the request and provide a lawful reason for withholding any materials as to which they claim an exemption, 5 U.S.C. § 552(a)(3).

35. To the extent that DOS have located responsive records, but failed to produce or provide a valid reason for withholding them, that failure violates the FOIA, 5 U.S.C. § 552(a)(3).

36. The defendants have improperly withheld agency records in violation of 5 U.S.C. § 552(a)(6)(A), the Plaintiffs have a legal right to obtain such records, and no legal basis exists for the Defendants' failure to disclose them.

37. Plaintiffs have exhausted the applicable administrative remedies with respect to their FOIA request.

38. Plaintiffs are entitled to relief compelling the processing and disclosure of the requested agency records.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court:

1. Declare that Defendants violated FOIA by unlawfully withholding the requested records;

2. Order Defendants to conduct a reasonable search for the requested records and to disclose them to Plaintiffs in their entireties and on an expedited basis;

3. Award Plaintiffs' costs and reasonable attorneys' fees in this action as provided by 5 U.S.C. § 552(a)(4)(E); and

4. Award Plaintiff's costs and reasonable attorney's fees; including but not limited to, costs and reasonable attorney's fees available under the Equal Access to Justice Act ("EAJA"), as amended, 5 U.S.C. § 504 and 28 U.S.C. § 2412.

5. Maintain jurisdiction over these proceedings to ensure compliance with any and all orders of this Court.

6. Grant other such relief as the Court may deem just and proper.

Dated: Bronx, NY
September 14, 2020                                   Respectfully submitted,


                                                    /s/ Julie Goldberg
                                                    Julie Goldberg, Esq.
                                                    GOLDBERG & ASSOCIATES
                                                    5586 Broadway, Third Floor
                                                    Bronx, NY 10463
                                                    Tel: (718) 432-1022
                                                    Email: ecf@goldbergimmigration.com
                                                    *Attorney for the Plaintiff*