AUDREY STRAUSS
Acting United States Attorney for the
Southern District of New York
By:     REBECCA R. FRIEDMAN
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2614
Facsimile: (212) 637-2786
Email: rebecca.friedman@usdoj.gov

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PASCAL CHARPENTIER; EDUOARD JOSEPH CHARPENTIER; MARLENE DEETJEN SMITH, <br><br>Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF HOMELAND SECURITY; IMMIGRATION AND CUSTOMS ENFORCEMENT; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; UNITED STATES DEPARTMENT OF STATE; NATIONAL ARCHIVES AND RECORDS ADMINISTRATION; NATIONAL PERSONNEL RECORDS CENTER,<br><br>Defendants. | 20 Civ. 7510 (GHW)<br><br>**ANSWER TO COMPLAINT** |

Defendants Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"),  United States Citizenship and Immigration Services ("USCIS"), United States Department of State ("State"), National Archives and Records Administration ("NARA"), and National Personnel Records Center ("NPRC"), by their attorney, Audrey Strauss, Acting United States Attorney for the Southern District of New York, hereby answer the Complaint of

1

Pascal Charpentier, Eduoard Joseph Charpentier, and Marlene Deetjen Smith ("Plaintiffs"), upon information and belief as follows:

1. The allegations in Paragraph 1 of the Complaint constitute Plaintiffs' characterization of their FOIA requests to which no response is required. To the extent a response is required, Defendants admit that this action purports to be brought under the FOIA, 5 U.S.C. § 552, *et seq.*, and respectfully refers the Court to those requests, attached to the Complaint as Exhibits A-K, for a complete and accurate description.

2. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 2.

3. Defendant ICE denies receiving Plaintiffs' FOIA requests as of the filing date of this Complaint. The remaining allegations in Paragraph 3 contain conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

4. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 4, except admit Pascal Charpentier is currently in removal proceedings in New York Immigration Court.

5. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 5. Further, the allegations in Paragraph 5 contain legal conclusions to which no response is required.

6. Paragraph 6 contains conclusions of law to which no response is required.

7. Paragraph 7 contains conclusions of law to which no response is required.

8. Defendant ICE denies receiving Plaintiffs' FOIA request as of the filing date of this Complaint. With respect to the other Defendants, Paragraph 8 contains conclusions of law to which

no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

9. Paragraph 9 contains conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

10. Paragraph 10 contains conclusions of law to which no response is required.  To the extent a response is required, NARA/NPRC deny that Plaintiffs' request to NPRC was made under FOIA, and refer the Court to Exhibit A for its contents.

11. Paragraph 11 characterizes Plaintiffs' reason for filing the Complaint, thus no response is required.  To the extent a response is deemed required, Defendants lack information sufficient to form a belief as to the truth of the allegations.

## JURISDICTION[1]

12. Paragraph 12 sets forth legal conclusions regarding jurisdiction, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

13. Paragraph 13 sets forth legal conclusions regarding venue to which no response is required.  To the extent a response is required, Defendants admit that venue is proper in this judicial district.

14. Paragraph 14 contains conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

## PARTIES

15. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 15.

---

[1] For ease of reference, Defendants refer to Plaintiffs' headings and titles, but to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

16. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 16.

17. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 17.

18. In response to the allegations in Paragraph 18, Defendants admit that DHS is an agency but lacks sufficient knowledge and information at this time to form a belief as to whether all of the components of DHS have all of the information requested by Plaintiffs.

19. In response to the allegations in Paragraph 19, Defendant USCIS admits that USCIS is an agency but lacks sufficient knowledge and information at this time to form a belief as to whether it has all of the information requested by Plaintiffs.

20. In response to the allegations in Paragraph 20, Defendants admit that ICE is an agency of the U.S. government, is a component of DHS, and, among other responsibilities, oversees lawful immigration to the United States. Defendant ICE denies the remaining allegations in Paragraph 20.

21. Defendant NARA denies the allegations in the first sentence of Paragraph 21 except admits that the NPRC is administered by NARA and that the NPRC serves as the official repository for records of military personnel who have been discharged from the U.S. Air Force, Army, Marine Corps, Navy and Coast Guard and that NPRC services those records on behalf of the respective service branches. NARA denies the second sentence Paragraph 21, except admits that it is an agency under the FOIA. NARA further avers that while it may have physical custody of the records Plaintiffs seek, it does not exercise control over those records, as it does not have legal custody of the records.

22. NPRC denies the allegations in the first sentence of Paragraph 22, except admits that it serves as the official repository for records of military personnel who have been discharged from the

U.S. Air Force, Army, Marine Corps, Navy and Coast Guard and services those records on behalf of the respective service branches.  NPRC denies the second sentence Paragraph 22.  NPRC further avers that while it may have physical custody of the records Plaintiffs seek, it does not exercise control over those records, as it does not have legal custody of the records.

23. Defendant State admits that State is an agency of the United States Government.  The remainder of Paragraph 23 contains conclusions of law to which no response is required.

## STATEMENT OF FACTS

24. In response to the allegations in Paragraph 24, Defendants refer the Court to the referenced exhibits for the truth of their contents and otherwise denies Plaintiffs characterizations of the exhibits.

25. Defendant ICE denies receiving Plaintiffs' FOIA request as of the filing date of this Complaint.  The remaining allegations in Paragraph 25 contains conclusions of law to which no response is required.

26. Defendants lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 26.

## FOIA STATUTE'S LEGAL FRAMEWORK

27. Paragraph 27 contains conclusions of law to which no response is required.
28. Paragraph 28 contains conclusions of law to which no response is required.
29. Paragraph 29 contains conclusions of law to which no response is required.
30. Paragraph 30 contains conclusions of law to which no response is required.
31. Paragraph 31 contains conclusions of law to which no response is required.
32. Paragraph 32 contains conclusions of law to which no response is required.

## CAUSES OF ACTION

### COUNT ONE

33. Defendants repeat and incorporate all of the paragraphs set forth above.

34. Paragraph 34 contains conclusions of law to which no response is required.

35. Paragraph 35 contains conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

36. Defendants deny the allegations in Paragraph 36.

37. Defendants deny the allegations in Paragraph 37.

38. Paragraph 38 contains conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

### PRAYER FOR RELIEF

The remainder of the Complaint sets forth Plaintiffs' request for relief, to which no response is required. To the extent a response is required, Defendants specifically deny that Plaintiffs are entitled to any of the relief sought or to any other relief in this action.

Defendants deny any and all allegations in Plaintiffs' Complaint not expressly admitted herein.

### DEFENSES

Any allegations not specifically admitted or denied are hereby denied. For further and separate answer, Defendants allege as follows:

FIRST DEFENSE

The Complaint fails to state a claim for which relief can be granted.

SECOND DEFENSE

Defendants are entitled to invoke all exemptions and other defenses available to them under the Freedom of Information Act and the Privacy Act.

THIRD DEFENSE

Plaintiff is not entitled to compel the production of records protected from disclosure by any applicable FOIA exemptions or exclusions.  *See* 5 U.S.C. § 552(b).

FOURTH DEFENSE

At all times alleged in the complaint, Defendants acted in good faith, with justification, and pursuant to authority, and exceptional circumstances that necessitate additional time for Defendants to process Plaintiffs' FOIA requests.

FIFTH DEFENSE

Defendant NARA and NPRC are not proper defendants, as they do not have legal custody over the records Plaintiffs seek.

SIXTH DEFENSE

Plaintiffs failed to exhaust administrative remedies against Defendant ICE.

SEVENTH DEFENSE

Defendants reserve the right to amend this Answer to assert any other matter that constitutes an avoidance or affirmative defense under Fed. R. Civ. P. 8(c).

WHEREFORE, Defendants respectfully request that the Court: (1) dismiss the complaint with prejudice; (2) enter judgment in favor of Defendants; and (3) grant such further relief as the Court deems just and proper.

Dated: New York, New York
October 28, 2020

        Respectfully submitted,

        AUDREY STRAUSS
        Acting United States Attorney
        Southern District of New York

By:   /s/   Rebecca R. Friedman
       REBECCA R. FRIEDMAN
       Assistant United States Attorney
       86 Chambers Street, Third Floor
       New York, New York 10007
       Tel.: (212) 637-2614
       Fax: (212) 637-2786
       E-mail: rebecca.friedman@usdoj.gov