February 12, 2021

**VIA ECF**
Honorable Gregory H. Woods
United States District Judge
United States District Court
500 Pearl Street, Room 2260
New York, NY 10007

    Re:    *Charpentier, et al. v. Department of Homeland Security, et al.*, 20 Civ. 7510 (GHW)

Dear Judge Woods:

    Pursuant to this Court's Order, the parties respectfully write to provide this joint status report advising the Court on the status of the above referenced case, which is scheduled for an initial pre-trial conference on February 18, 2021. *See* ECF No. 32. The parties have conferred, but have been unable to reach consensus, and each side provides their position below.

    Because this is a FOIA case, the parties respectfully request that they be excused from submitting the proposed discovery civil case management plan and scheduling order under Federal Rule of Civil Procedure 26(f)(3). If that position changes, the parties will alert the Court.

**Plaintiffs' Position**

(1) A brief statement of the nature of the case, the principal claims and defenses, and the major legal and factual issues that are most important to resolving the case, whether by settlement or dispositive motion;

    Plaintiffs have so far received incomplete responses from the Defendant agencies. Further, the State Department and Immigration and Customs and Enforcement have claimed that no records exist, however, Plaintiffs are in possession of the evidence demonstrating otherwise. Further, the Defendant agencies objected to providing responses to the FOIA requests citing their interpretation of the authorization provided by Plaintiffs to their counsel to act on their behalf. The responses provided are also improperly redacted, further complicating the matter at issue. One of the responsive documents appears to have been manufactured for the purpose of litigation and all supporting documents relating to that document are absent from the record. See *Lanuza v. Love*, 899 F.3d 1019 (9th Cir. 2018). Furthermore, the Defendant agencies failed to provide any information under Plaintiff Pascal Charpentier's other alien number (A029-001-711) that was recently discovered. See Exhibit A. Therefore, the responses provided by the Defendant agencies are incomplete, especially when the Defendant agencies failed to provide documents that were previously made available to the State of New York, which is presumably available under the Plaintiff Pascal Charpentier's original alien number, which was recently discovered as cited above.

    For the foregoing reasons, Plaintiffs intends to file a motion for leave to file an amended complaint addressing the issues discussed above pursuant to Fed. R. Civ. P. 15(a). Allowing the leave would serve justice and promote judicial efficiency. Further, there is no substantial or undue

prejudice, bad faith, undue delay, or futility. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Plaintiffs ask the Court to allow until March 5, 2021 to file an amended complaint.

NPRC/NARA
Records regarding the former INS[1] naturalization of Eduoard J. Charpentier as reference in his DD-214 were missing, including all materials requested regarding the Vietnam military base naturalizations.

Plaintiffs intend to amend and provide evidence that said records exist and the NPRC/NARA have not fully complied with the FOIA request.

USCIS
USCIS record responses remain the most egregious of all the responsive records, specifically in relation to Pascal Charpentier. It has been discovered that a second alien number was created for the purposes of litigation and deportation. Records regarding Pascal Charpentier's original alien number, which allegedly contains proof of his US citizenship have been completely withheld. See Exhibit A. Additionally any reference of the original alien number was improperly redacted or conveniently "partially cut off" in the documents provided. See Exhibit B. Moreover, one of the documents provided appears to have been manufactured as the stamp does not comport with the stamp used by the government in 1972, which matched against 40 other forms of the same date and entry.

Plaintiffs intend to amend the complaint to address the above issues.

ICE
Requests for all ICE records pertain to each Plaintiff were made in July 2020, but the Defendant agencies maintain that the requests were received in November 2020. Further, the Defendant agencies disregarded the language I "**request access to all records**" maintained by the ICE in the Affirmation/Declaration and improperly limited the scope of the requests submitted by Plaintiffs. The Defendant agencies have shown that the ICE has the capacity to search for all records under each Plaintiff, but still have not completed the process despite the pending litigation. Plaintiffs seek to introduce evidence supporting their position in the amended complaint. For example Exhibit A demonstrates that at a minimum records exist with respect to correspondence between the State of New York Department of Corrections and ICE. See attached, Exhibit A.

State
Defendant's have completely mischaracterized the Plaintiffs request for all State Department records by referring to language in the cover letter, **not the operative Department's Certification of Identity form (DS-4240)**, which lists the record sought "authorize the U.S. Department of State to release any and all information relating to me to" a third party. Moreover in an abundance of

---

[1] The former INS was abolished by the Homeland Security Act of 2002, and its functions assigned to other agencies, including the newly formed Department of Homeland Security (DHS), including two subagencies within DHS: USCIS and ICE; while the Immigration Court and BIA remained within the DOJ. *See, e.g.*, Homeland Security Act of 2002, Pub. L. No. 107–296, §§ 441, 442, 451 1101, 1102, 116 Stat. 2135.

caution Plaintiffs resubmitted the FOIA request in October 2020 and Defendant have failed to comply under 5 USC. § 552(a)(4)(B) and 28 U.S.C. §§ 1391(e). These issues and records will be addressed in the amended complaint. Moreover, even under the mischaracterized request, Edouard Joseph Charpentier and Marlene Deetjen, ALL have immigrant visa records maintained by the department of state.

(2) A brief statement by plaintiff as to the basis of subject matter jurisdiction and venue, and a brief statement by each party as to the presence or absence of subject matter jurisdiction and venue. Statements shall include citations to relevant statutes;

Plaintiffs provided in the Complaint that "this Court has jurisdiction under 5 U.S.C. § 552, et seq. (FOIA statute) and 28 U.S.C. § 1331 (federal question)." Plaintiff further provided that "venue lies in this district pursuant to 5 USC. § 552(a)(4)(B) and 28 U.S.C. §§ 1391(e)."

(3) A brief description of any (i) motions that any party seeks or intends to file, including the principal legal and other grounds in support of and opposition to the motion, (ii) pending motions, and (iii) other applications that are expected to be made at the status conference;

Plaintiffs intend to file a motion for leave to file an amended complaint addressing the issues discussed above pursuant to Fed. R. Civ. P. 15(a). Allowing the leave would serve justice and promote judicial efficiency. Further, there is no substantial or undue prejudice, bad faith, undue delay, or futility. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Plaintiffs ask the Court to allow until March 5, 2021 to file an amended complaint.

(4) A brief description of any discovery that may be necessary for the resolution of this matter;

Plaintiffs will reserve on the issue of whether they will seek discovery until the filing and decision on the Motion to file an amended complaint.

(5) A statement describing the status of any settlement discussions and whether the parties would like a settlement conference; and

Plaintiffs are open to further discussion of resolution regarding these matters and would be open to a settlement conference.

(6) Any other information the parties believe may assist the Court in resolving the action.

Plaintiff's is still in the process of completing outside discovery regarding what is believed to be manufactured documents, which will all be addressed in the amended complaint.

**Government's Position**
(1) A brief statement of the nature of the case, the principal claims and defenses, and the major legal and factual issues that are most important to resolving the case, whether by settlement or dispositive motion;

The currently drafted Complaint is a FOIA action in which Plaintiffs bring this action to enforce FOIA requests, arguing that "Plaintiffs each filed FOIA requests with the Defendant agencies more than thirty days ago and have not received a substantive response from any of the Defendants in violation of the FOIA statute. (*See*, Exhibits A-K)." ECF No. 7 ¶ 5. Plaintiff filed the complaint on September 15, 2020, and the government filed its answer on October 28, 2020. The FOIA requests referenced in the Complaint include:

- Exhibit A – Request to National Personnel Records Center ("NPRC") for Plaintiff Eduoard Joseph Charpentier dated July 31, 2020;
- Exhibit B – Request to United States Citizenship and Immigration Services ("USCIS") for Plaintiff Eduoard Joseph Charpentier dated July 20, 2020;[2]
- Exhibit D – Request to Immigration and Customs Enforcement ("ICE") for Plaintiff Eduoard Joseph Charpentier dated July 21, 2020;
- Exhibit E – Request to United States Department of State ("State") for Plaintiff Marlene Deetjen Smith dated July 24, 2020;
- Exhibit F – Request to ICE for Plaintiff Marlene Deetjen Smith dated July 21, 2020;
- Exhibit G – Request to USCIS for Plaintiff Marlene Deetjen Smith dated July 21, 2020;[3]
- Exhibit I – Request to ICE for Plaintiff Pascal Charpentier dated July 23, 2020;
- Exhibit J – Request to State for Plaintiff Pascal Charpentier dated July 24, 2020;
- Exhibit K – Acknowledgement Letter from USCIS dated August 7, 2020 noting USCIS's receipt of the Request for Plaintiff Pascal Charpentier.[4]

As explained in more detail below, the government has completed the search for responsive records to the above referenced FOIA requests, and if the parties cannot agree on dismissal, the government anticipates moving for summary judgment. The government has not seen Plaintiffs' proposed Amended Complaint, and only received Plaintiffs' description of its proposed amendments at 5:45 pm on February 12, and therefore has not yet fully formed its position on the proposed amendment. However, to the extent the Plaintiffs' challenges are to the adequacy of the government's search, the appropriate vehicle for litigating such claims is a summary judgment motion, not an amended complaint. Moreover, while Plaintiffs may have hoped that the government's search would have resulted in the production of additional documents, a search needs to be "reasonably calculated to discover requested documents," and does not need to uncover every document. *Immigrant Def. Project v. United States Immigration*, 208 F. Supp. 3d 520, 526 (S.D.N.Y. 2016). In any event, the government is amenable to continuing to meet and confer with Plaintiffs in an attempt to resolve any legitimate concerns Plaintiffs may have with respect to the search.

NPRC/NARA
Plaintiffs requested the military records for Plaintiff Eduoard Joseph Charpentier. NARA completed the search, and provided copies of the Eduoard Joseph Charpentier's service record via

---

[2] Exhibit C was an acknowledgement letter from USCIS regarding this request.

[3] Exhibit H was an acknowledgement letter from USCIS regarding this request.

[4] The Complaint did not include a copy of the Pascal Charpentier USCIS request.

mail on October 14, 2020. The undersigned Assistant United States Attorney ("AUSA") emailed counsel for Plaintiffs those records on November 24, 2020. NPRC also conducted a search of its medical treatment records to see if they could locate the inpatient hospital records for the veteran's wife, and located records related to the inpatient hospital stay for the veteran's wife in connection with the birth of the son at the Air Force base. The undersigned AUSA provided those additional records via email on December 17, 2020, and informed Plaintiffs that NPRC does not have any additional records related to this veteran Plaintiff or the birth of his son. NARA/NPRC has requested that Plaintiffs dismiss NARA/NPRC from the action because in addition to completing the search, NARA/NPRC does not own the records.

USCIS
On November 3, 2020, the undersigned AUSA emailed Plaintiffs' counsel the release letters and responsive documents for the Marlene Deetjen Smith and Eduoard Joseph Charpentier requests. The email also alerted Plaintiffs that the third request for Pascal Charpentier would be released electronically through FIRST after ICE completed its review. The government's records reflect that the third release letter was posted electronically to FIRST on November 3, 2020, and the Plaintiffs' counsel downloaded the release letter and relevant records for Pascal Charpentier on November 10, 2020.[5]

Plaintiffs' counsel alleges that USCIS has not complied with the FOIA request for Pascal because they have not provided the records for his second A#: A#029001711. A-files for the same individual are often consolidated and in this case, there is just one surviving file which holds all of the records for that individual's A-file. USCIS can confirm that records were provided to Plaintiffs for both A#s as A#020578103 is the survivor file, and the files associated with A#029001711 were consolidated into it.

ICE
Though the ICE FOIA requests which were attached as exhibits to the Complaint were dated July 2020, *see* ECF No. 7-4, 7-6, and 7-9, ICE had no record of having received the requests until Plaintiffs' counsel emailed tracking information for the requests on November 16, 2020. ICE has since conducted a search for "a copy of records for entry and exits to the United States" for all three individuals, which was the only item requested in each request, and has informed Plaintiffs that it completed the search for all exit/entry records, and there are no relevant records in ICE's possession. Plaintiffs claim that they requested all ICE records "which pertain" to the individuals, but as ICE has explained to Plaintiffs, the "Affirmation/Declaration" that contains the "pertain to me" language is not the FOIA request. Instead, the Affirmation/Declaration is a standard form that allows ICE to release Plaintiffs' records to their attorney.

---

[5] Though not referenced in the Complaint, Plaintiff's counsel also requested FOIA documents from USCIS for Jacques Deetjen. On February 1, 2021, the undersigned AUSA informed Plaintiffs' counsel that the request had been adjudicated and emailed Plaintiffs' counsel the final action letter for that request dated January 26, 2021. The undersigned AUSA provided the documents referenced in the letter via email on February 2, 2021, explaining that the emailed documents were the same documents available through FIRST.

State

Plaintiffs requested records related to the requesters' immigrant visas. State completed its search and emailed response letters to Plaintiffs' counsel on October 14, 2020, stating that its search had revealed no responsive records for the FOIA requests associated with Pascal Edouard Charpentier, Edouard Joseph Charpentier, and Marlene Deetjen.[6] As explained to Plaintiffs' counsel, the FOIA requests only sought records "that relate to the Subject of Records *Immigrant Visa* at the time of entry to the United States," not to passport-related or other information about the requesters. *See* ECF Nos. 7-5, 7-10 (emphasis added).

Plaintiffs' counsel has suggested that the submission of the Department's Certification of Identity form (DS-4240) changes the scope of the FOIA requests from their plain language on immigrant visas to *all* information about the requesters, because that form allows an individual to "authorize the U.S. Department of State to release any and all information relating to me to" a third party. *See* ECF Nos. 7-5 at 5. But the DS-4240 is simply a standard Department form that authorizes the Department to disclose information about the signatory to a third party and has no bearing on the scope of a FOIA request. "An agency is not 'obliged to look beyond the four corners of the request for leads to the location of responsive documents.' Rather, an agency is 'bound to read [a request] as drafted, not as either agency officials or [the requester] might wish it was drafted.'" *Seife v. U.S. Dep't of State*, 298 F. Supp. 3d 592, 609 (S.D.N.Y. 2018).

(2) A brief statement by the plaintiff as to the basis of subject matter jurisdiction and venue, and a brief statement by each party as to the presence or absence of subject matter jurisdiction and venue. Statements shall include citations to relevant statutes;

As the government stated in the answer, venue is proper in this jurisdiction, however Plaintiffs have failed to exhaust their administrative remedies. *See* ECF No. 18.

(3) / (4)

Because this is a FOIA case, the government anticipates that this case will be resolved through the submission of cross-motions for summary judgment. And given that this is a FOIA case, the government does not anticipate conducting discovery in this matter.

(5) A statement describing the status of any settlement discussions and whether the parties would like a settlement conference; and

The parties have conferred regarding settlement, and the government does not request a settlement conference.

(6) Any other information the parties believe may assist the Court in resolving the action.

---

[6] Though the Complaint only included the Pascal and Marlene FOIA requests exhibits for State, State assumed that Plaintiffs were also suing on Edouard's request since he is a Plaintiff.

Not applicable.

Dated February 12, 2021

Respectfully submitted,

                                              AUDREY STRAUSS
                                              United States Attorney

| s/ Julie A. Goldberg | s/ Rebecca R. Friedman |
|---|---|
| JULIE A. GOLDBERG | REBECCA R. FRIEDMAN |
| Goldberg & Associates | Assistant United States Attorney |
| 5586 Broadway, Third Floor | 86 Chambers Street, 3rd floor |
| Bronx, NY 10463 | New York, NY 10007 |
| Tel: (718) 432-1022 | Tel: (212) 637-2614 |
| ecf@goldbergimmigration.com | Fax: (212) 637-2686 |
| | rebecca.friedman@usdoj.gov |